**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Moises Roberto Bispo Esteves,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**David Wesling, et al,**<br><br>**Respondents.** | **Civil Action No.**<br>**26-14255-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Moises Roberto Bispo Esteves ("Bispo Esteves" or "petitioner"). Bispo Esteves asserts that his arrest and detention by David Wesling and the other named respondents ("respondents") violate his statutory, regulatory, and due process rights as a non-citizen. He seeks immediate release from custody, or alternatively, a bond hearing under 8 U.S.C. §1226(a).

## I. Facts

Petitioner is a citizen of Brazil. He was admitted to the United States on or about April 8, 2004, as an H-2B nonagricultural worker authorized to remain until December 1, 2004. He did not depart as scheduled and has remained in the country ever since.

At about 8:00 A.M. on September 16, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested petitioner at his workplace in Massachusetts without the serving of a warrant. Petitioner filed this petition for writ of habeas corpus the same day. He alleges that no warrant had been presented or identified, and that the circumstances permitting a warrantless arrest under 8 U.S.C. §1357(a)(2) were not present at the time of his arrest. He contends that his detention therefore violates 8 U.S.C. §§1226(a) and 1357(a)(2) and the Due Process Clause of the Fifth Amendment. He seeks immediate release or, in the alternative, a bond hearing. He remains detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

In their initial response, respondents submitted a Form I-200 warrant that was generated electronically. Although it bears a typed date of September 16, 2026, it was digitally signed at 1:11 P.M. on September 17, 2026, and served on petitioner that day, the day after his arrest. Respondents conceded that petitioner is eligible for a bond hearing under §1226(a) and did not object to the Court ordering one.

In reply, petitioner contended that the electronic warrant submitted by respondents did not establish that he was arrested "[o]n a warrant," as is required under §1226(a). He emphasized that the warrant's digital signature and certificate of service

both reflect the date of September 17, and that respondents did not explain the discrepancy with the typed date.

After this Court's initial consideration of the case, it ordered respondents to respond to petitioner's assertion that no warrant was issued until after his arrest. Thereafter, respondents submitted, for the first time, a separate handwritten warrant dated September 16, 2026. It bears the same officer's signature but, unlike the electronic warrant submitted initially, it does not indicate the time it was issued. Among its stated grounds for probable cause is "the execution of a charging document to initiate removal proceedings."

Respondents also presented a declaration from an Acting Assistant Field Office Director of ICE. Relying on agency records, the declarant avers that the handwritten warrant was executed <u>before</u> the arrest of petitioner and placed in his file without being served. The declarant further attests that ICE later issued the electronic warrant to create an electronic record of the document, and that ICE served the electronic warrant together with a Notice to Appear on September 17, 2026.

According to the declarant, ICE could not issue the Notice to Appear earlier because it had not yet secured detention space for petitioner. The Notice to Appear charges petitioner as removable under INA §237(a)(1)(B) for remaining in the United States longer than permitted. Respondents filed the Notice to

Appear with the Immigration Court on or about September 23, 2026, and removal proceedings are ongoing.

Respondents now contend that, because a warrant was executed before petitioner's arrest, his lack-of-a-warrant defense is moot. They further assert that any challenge to the arrest may be advanced in removal proceedings and that, in any event, release is not an available habeas remedy for an unlawful arrest.

Petitioner replies that the handwritten warrant does not cure the defect because it rests on a charging document that, by respondents' admission, had not yet issued. He maintains that respondents have proffered no facts in support of a claim under §1357(a)(2) and that he is entitled to release or, in the alternative, an evidentiary hearing.

## II. Discussion

### A. Jurisdiction

As an initial matter, the Court will address respondents' contention that the Court lacks jurisdiction over the claims set forth in the petition. Habeas relief extends to petitioners who are

> in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. §2241(c)(3). Here, because petitioner challenges the statutory authority for his present confinement rather than the

determination of his removal that is the subject of the removal proceedings, his claim is cognizable in habeas. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001); Kong v. United States, 62 F.4th 608, 617 (1st Cir. 2023).

Moreover, respondents' contention that petitioner must challenge the lawfulness of his arrest through a motion to suppress in the removal proceedings mischaracterizes his petition. Petitioner does not seek to suppress evidence or terminate his removal proceedings and he pleads no Fourth Amendment claim. Rather, he alleges that his detention is not authorized by statute. In INS v. Lopez-Mendoza, 468 U.S. 1032 (1984), the United States Supreme Court addressed the inapplicability of the exclusionary rule in removal proceedings. That decision did not, however, limit the authority of a court to decide whether detention is authorized by statute. Respondents' argument therefore relates, if at all, to remedy, which the Court addresses below.

Nor does the averment from the declarant that the handwritten warrant issued before the arrest render the petition moot. Petitioner is still detained and the Court retains authority to grant effective relief. Whether a warrant existed before the arrest goes to the merits of petitioner's claim, not to its mootness.

**B. Remedy**

The parties dispute whether the handwritten Form I-200 warrant was signed before the arrest of petitioner. As noted by petitioner, there are defects in the account of the arrest proffered by respondents. The handwritten warrant bears no time stamp of issuance and recites as a basis for probable cause the execution of a charging document that, according to respondents' declarant, did not issue until the following day. Moreover, the declarant does not claim personal knowledge of when the warrant was signed.

The Court need not resolve that dispute. Even assuming *arguendo* that no warrant preceded the arrest and that the arrest did not satisfy the requirements of §1357(a)(2), petitioner would not be entitled to immediate release.

Habeas corpus petitions test the lawfulness of present custody, and petitioner's present custody is no longer dependent on his arrest alone. He is now detained under a Form I-200 issued September 17, 2026, a Notice to Appear charging removability and pending removal proceedings. He does not dispute in his habeas petition that probable cause supports that charge.

The regulations themselves anticipate that a warrant may follow, rather than precede, an arrest. When a non-citizen is arrested without a warrant, the agency must decide within 48

hours whether to continue custody and whether to issue a notice to appear and a warrant of arrest. 8 C.F.R. §287.3(d). Here, both documents issued within 30 hours of the arrest. Although that regulation presupposes a lawful warrantless arrest, it nevertheless confirms that custody under §1226(a) need not begin with a warrant in hand.

Relief in habeas corpus cases must also fit the attendant injury. The Court must resolve the matter "as law and justice require." 28 U.S.C. §2243. Here, immediate release would not prevent respondents from re-arresting petitioner on the existing warrant, nor would it bar respondents from pursuing removal. Thus, the injury that remains is petitioner's current detention without an individualized determination under §1226(a). A prompt bond hearing, with the burden on the government, would remedy that injury.

Furthermore, the cases on which petitioner relies do not require a contrary result. In Lin v. Moniz, No. 1:26-cv-11566-BEM (D. Mass. Apr. 7, 2026), the respondents produced no warrant at all.[1] Here, they have. The Court recognizes that courts in other districts have ordered release where the government did not show that a warrant preceded the arrest. See, e.g., Jorge A.-G. v. Bondi, 2026 WL 444682, at *2-3 (D. Minn. Feb. 17,

---

[1] Where there was a warrant on the record, the same session of this Court ordered release only if no bond hearing was held by a set deadline. See Mendez Juarez v. Moniz, No. 1:26-cv-12664-BEM (D. Mass. June 15, 2026).

2026); Lazarte v. Venturella, 2026 WL 2581945, at *3 (N.D.N.Y. Sept. 1, 2026). To the extent those decisions treat release as mandatory where a warrant issued within 48 hours and a bond hearing is available, the Court respectfully has a different opinion.

Nor do petitioner's remaining authorities require a different conclusion. In three of the cases cited by petitioner, the government never produced a warrant, and thus, the ongoing detention of the petitioner had no statutory predicate. See Chogllo Chafla v. Scott, 804 F. Supp. 3d 247, 264 (D. Me. 2025); Makuiza v. Wesling, 826 F. Supp. 3d 176, 180, 182-83 (D. Me. 2026) (no warrant one week after arrest); Vo v. Baltazar, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) (no warrant more than two months after arrest, so "current detention lack[ed] a 'lawful predicate'"). Here, by contrast, petitioner's current detention rests on a warrant issued a little more than one day after his arrest, within the period that the court in Makuiza itself recognized for a warrant to issue "post hoc" after a warrantless arrest. 826 F. Supp. 3d at 180 (citing 8 C.F.R. §287.3(d)). In the fourth case, Alves v. Stamper, the court expressly declined to "resolve the arrest warrant question," but instead ordered release on grounds absent here. 2026 WL 1802817, at *2-4 (D. Me. June 23, 2026).

Finally, the Court need not decide whether the arrest of petitioner satisfied §1357(a)(2), because the relief ordered here does not turn on that question. The Court notes that respondents have not, however, offered any facts bearing on whether petitioner was likely to escape before a warrant could be obtained.

**ORDER**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Docket No. 1) is **ALLOWED**, in part, and **DENIED**, in part. The Court directs that Bispo Esteves be afforded a bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this order.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 15, 2026